# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA FEUERSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 13 CV 7226 |
| | ) | |
| The VILLAGE OF SKOKIE and | ) | Judge |
| Skokie Police Officers MICHAEL HART, | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, CASSANDRA FEUERSTEIN, by one of her attorneys, Torreya L. Hamilton,

makes the following complaint against the Defendants VILLAGE OF SKOKIE (Defendant

VILLAGE) and Skokie Police Officer MICHAEL HART (Defendant HART):

## JURISDICTION AND VENUE

1.  This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of

law, of the Plaintiffs' rights under the United States Constitution and under Illinois common law.

2.  This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.  Venue is proper under 28 U.S.C. §1391(b). All of the parties reside in this judicial district and the

events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4.  Plaintiff CASSANDRA FEUERSTEIN is a 47-year-old resident of Chicago, Illinois. She is the

mother of two daughters, and she works in an office in downtown Chicago.

5.  At all relevant times, Defendant HART was a Skokie police officer employed by the Defendant

VILLAGE, acting under color of law and within the scope of his employment.

6.  Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State

of Illinois, and at all relevant times was the employer and principal of Defendant HART.

**FACTS**

7.   On March 10, 2013, Plaintiff was placed under arrest by police officers from the Skokie Police Department for a traffic offense.

8.   After she was arrested, the police officers brought Plaintiff to the Skokie Police Department, which is located at 7300 Niles Center Road in Skokie.

9.   Defendant HART was working at the Skokie Police Department at the time that Plaintiff was brought into custody.

10.  During Plaintiff's processing, Defendant HART physically escorted Plaintiff from the booking or processing area to the jail cell.

11.  Plaintiff is female, 5 feet 6 inches tall, and weighed approximately 110 pounds on the date of her arrest.

12.  Defendant HART is male, and is significantly taller and heavier than Plaintiff.

13.  At the door of the open jail cell, Defendant HART gave Plaintiff a violent shove in the back, using both of his hands.

14.  Defendant HART used so much force in doing this that Plaintiff was flung across the cell head first into a cement bench at the far side of the cell.

15.  When Plaintiff's face struck the cement bench, it split open and she began to bleed profusely.

16.  Defendant HART caused Plaintiff to strike the bench with such force that he broke several bones in Plaintiff's face.

17.  Paramedics had to be called to the Skokie Police Department to treat Plaintiff.

18.  Due to the severity of Plaintiff's injuries, the paramedics transported her to the emergency room of a hospital.

19.  After injuring Plaintiff in the manner described above, Defendant HART made false statements to other persons on the Skokie Police Department, accusing Plaintiff of resisting his efforts to escort

2

her into the jail cell and claiming that the physical force he used to throw Plaintiff into the cell was necessary.

20. Defendant HART signed a criminal complaint against Plaintiff, accusing her of the crime of resisting/obstructing a police officer.

21. The interior of the Skokie Police Department has video cameras, and there is video footage of what Defendant HART did to Plaintiff when he shoved her into the jail cell and caused her to be seriously injured.

22. The Cook County State's Attorney's Office ultimately dismissed the charge of resisting/obstructing against Plaintiff, after the prosecutors responsible for this case had the opportunity to review the video of Defendant HART'S conduct.

23. On March 29, 2013, Plaintiff underwent reconstructive surgery to her face. During this surgery, a titanium plate was inserted into her face in an effort to replace the bones that had been shattered.

24. As a result of Defendant HART's conduct, Plaintiff has suffered great physical and emotional pain, and she continues to suffer physical and emotional pain to this day.

25. As a result of her injuries, Plaintiff has difficulty eating because her teeth are loose and it causes her pain to chew.

26. As a result of Defendant HART's conduct, Plaintiff's face is now shaped differently on the left side than the right side.

27. Plaintiff will need additional medical treatment in the future as a result of the injuries Defendant HART caused to her.

## COUNT I
(42 U.S.C. §1983, Excessive Force)

28. Each of the preceding paragraphs is incorporated as if fully restated here.

29. As described above, the intentional conduct of Defendant HART was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of the Defendant HART'S excessive use of force, PLAINTIFF suffered extensive damages, which will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant HART in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(Illinois common law claim, battery)

31. Each of the preceding paragraphs is incorporated as if fully re-stated here.

32. As fully described above, Defendant HART knowingly and/or intentionally made nonconsensual physical contact with Plaintiff.

33. As a direct and proximate cause of Defendant HART'S physical contact, Plaintiff suffered extensive damages, which will be proven at trial.

34. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

35. At all relevant times, Defendant HART was acting as an agent of Defendant VILLAGE, and was acting within the scope of his employment as a Skokie police officer. Defendant VILLAGE, therefore, is liable as a principal for the tortious conduct of Defendant HART towards Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against Defendant HART and Defendant VILLAGE in a fair and just amount sufficient to compensate her for her damages, as well as such other relief as is just and equitable.

## COUNT III
### (Illinois common law claim, malicious prosecution)

36. Each of the preceding paragraphs is incorporated as if fully restated here.

37. As described above, Defendant HART willfully and intentionally initiated criminal proceedings against Plaintiff for the offense of resisting/obstructing a police officer and/or caused those proceedings to continue, without probable cause to do so.

38. Defendant HART made false and inaccurate statements to others in the Skokie Police Department about why he decided to shove Plaintiff into the jail cell, and those statements caused his fellow officers to write false police reports and other documents pertaining to this incident. This was done with malice, willfulness, and/or reckless indifference to Plaintiff's rights.

39. The criminal charge against Plaintiff for resisting/obstructing a police officer was terminated in Plaintiff's favor.

40. As a direct and proximate cause of Defendant HART'S malicious prosecution, Plaintiff suffered financial and emotional damages, which will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant HART and Defendant VILLAGE in a fair and just amount sufficient to compensate her for her damages, as well as such other relief as is just and equitable.


**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

CASSANDRA FEUERSTEIN, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com

Attorney No. 6229397